**STATE OF GEORGIA, Prosecutor-Appellee,**

v.

**Allen LOVELESS et al., Petitioners-Appellants.**

**No. 71–2790**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1972.

Howard Moore, Jr., Atlanta, Ga., for petitioners-appellants.

Ben J. Miller, Dist. Atty., Griffin Judicial Circuit, Thomaston, Ga., for prosecutor-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The judgment of the district court remanding the state prosecutions in question to the state court is affirmed on the authority of City of Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944.

We do not reach the question posed in that part of the opinion of the district court relating to the failure of the state to prosecute. This issue was raised by plaintiffs in a motion filed after the motion to remand had been filed by the state. The district court first considered the propriety of the removals. Having decided that the removals were improper, a remand order was necessary.

The court did not reach the merits of the motion to dismiss for failure to prosecute, leaving that matter to the state courts.

Appellants contend that the court refused to rule on the merits of that motion because of an erroneous belief that Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, deprived the district court of jurisdiction in the circumstances that were then present. We do not so read the order of the district

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

court. It was within the discretion of the district court to give precedence to the motion to remand and the holding was nothing more than that all other pending matters in the case were for the state court after remand.

Affirmed.

Ganey, J., concurred in the result.

Adams, J., concurred and filed opinion.